**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

GEORGE S. HOFMESITER FAMILY TRUST
DATED JUNE 21, 1991, et al,

        Plaintiffs,

                                Case No. 06-CV-13984-DT

v.

FGH INDUSTRIES, LLC, et al,

        Defendants.

_____/

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANTS' MOTION TO DISMISS COUNTS I AND II, GRANTING IN PART AND
DENYING IN PART DEFENDANTS' MOTION TO DISMISS COUNT VI AND
GRANTING DEFENDANTS' MOTION TO DISMISS COUNT VII**

Pending before the court are three motions by Defendants: (1) the February 18, 2007 "Motion to Dismiss Counts I and II of Complaint Pursuant to Fed.R.Civ.P. 12(b)(6)," (2) the February 18, 2007 "Motion to Dismiss Count VI of Complaint Pursuant to Fed.R.Civ.P. 12(b)(6)" and the February 19, 2007 "Motion to Dismiss Count VII of Complaint Pursuant to Fed.R.Civ.P. 56 and 12(b)(6)." Plaintiff has filed responses and, the matter having been fully briefed, the court concludes that a hearing is not necessary. *See* E.D. Mich. LR 7.1(e)(2). For the reasons stated below, the court will (1) grant in part and deny in part the motion to dismiss Counts I and II, (2) grant in part and deny in part the motion to dismiss Count VI and (3) grant the motion to dismiss Count VII.

## I. BACKGROUND

The court takes from its earlier order its understanding of the relationship among

the several parties before the court:

> Several interrelated parties are before the court. The Trusts, as the court
> will refer to these Plaintiffs collectively, are organized in Ohio and bear the
> following names: (1) George S. Hofmeister Family Trust Dated June 21,
> 1991 for Scott R. Hofmeister, (2) George S. Hofmeister Family Trust
> Dated June 21, 1991 for Jamie S. Hofmeister, and (3) George S.
> Hofmeister Family Trust Dated June 21, 1991 for Megan Hofmeister. (Pls'
> Mot. at 4.) George Hofmeister, whom the Trusts occasionally retain to do
> work, created the Trusts for the benefit of his children. (*Id.*) The Trusts,
> along with Plaintiff Douglas Q. Holmes of Ohio in his capacity as the
> trustee, brought this action "to protect their ownership interests in
> corporate entities currently controlled by the Defendants." (*Id.*) According
> to Plaintiffs, Defendants Daniel Fuhrman ("Fuhrman") and William Gruits
> ("Gruits") reside in Michigan and "control, directly or indirectly, the rest of
> the Defendants in this action." (*Id.*)
>
> Fuhrman, Gruits and the Trusts each own one third of FGH Capital, LLC
> ("FGH Capital"), who is not a party to this action. (*Id.*) Defendants FGH
> Industries, LLC, a Michigan limited liability company, ("FGH-Michigan"),
> and FGH Industries, LLC, a Delaware limited liability company, ("FGH-
> Delaware"), are identically named companies that "serve as a holding
> company for specialized, niche-market manufacturing and services
> companies." (*Id.* at 5.) The court will collectively refer to these
> Defendants as "FGH." Fuhrman and Gruits are the managers of FGH,
> which FGH Capital owns together with an Arizona trust named the Hansen
> Trust. (*Id.*)
>
> Defendant Trans Industries of Indiana, Inc. ("Trans") is an Indiana
> corporation that manufactures machining and components for heavy
> trucks. (*Id.*) FGH is the majority owner of Trans, and the Trusts are
> minority owners. (*Id.*) Plaintiffs claim that "Trans is FGH's most valuable
> and important asset." (*Id.*) The Trusts, meanwhile, are majority owners of
> Soberay Machine & Equipment, Inc., ("Soberay"), which provides services
> related to heavy manufacturing equipment used in the rubber and plastic
> industries. (*Id.*) FGH is a minority owner of Soberay. (*Id.*) Plaintiffs
> contend that Soberay is out of business because Fuhrman and Gruits
> transferred all of its assets to SME Equipment, LLC, a Michigan limited
> liability company. (*Id.*) FGH is the exclusive owner of SME, which
> provided services akin to that of Soberay and which, Plaintiffs believe, is
> also out of business. (*Id.* at 5-6.)

2

Defendant Scovey, LLC ("Scovey") is located in Michigan, and Plaintiffs believe that Scovey is owned and operated by Gruits. (*Id.* at 6.) Scovey owns the building at 414 East Street in Rochester, Michigan, at which address Gruits, Fuhrman, FGH Capital, FGH, and SME all keep their offices. (*Id.*) Defendants Allegant Capital, LLC ("Allegant") and Acquisition & Strategy Advisory Partners, LLC ("ASAP") are also located here. (*Id.*) Plaintiff contends that Fuhrman founded and controls Allegant and ASAP. (*Id.*)

According to Plaintiff, "Fuhrman and Gruits have used their control of these companies to launder money for themselves, to engage in self-interested transaction, and to otherwise plunder FGH and FGH Capital at the expense of the Trusts." (*Id.*)

(12/15/06 Order at 2-4 (footnote omitted)). On December 15, 2006, the court determined that a preliminary injunction should issue, based in large part on Plaintiffs' likelihood of success on the merits. The court found, based upon the evidence preliminarily presented, that "Plaintiffs are likely to demonstrate that substantial self-dealing is afoot and that Defendants Fuhrman and Gruits are the principal offenders and beneficiaries." (*Id.* at 17.)[1] The instant motions test whether some of Plaintiff's claims fail as a matter of law.

## II. STANDARD

In ruling on a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court must construe the complaint in a light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief. *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996); *Kline v. Rogers*,

---

[1]The court also dismissed FGH from the case, eliminating it as a potential joint tortfeasor in several counts and dismissing Count III, the only count that named FGH as the sole tortfeasor. (12/15/06 Order at 10-12.)

3

87 F.3d 176, 179 (6th Cir. 1996); *Wright v. MetroHealth Medical Center*, 58 F.3d 1130, 1138 (6th Cir. 1995).  When an allegation is capable of more than one inference, it must be construed in the plaintiff's favor.  *Columbia Natural Resources, Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995); *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993); *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993).  Hence, a judge may not grant a Rule 12(b)(6) motion based on a disbelief of a complaint's factual allegations. *Wright*, 58 F.3d at 1138; *Columbia Natural Resources, Inc.*, 58 F.3d at 1109.

Though decidedly liberal, this standard of review does require more than the bare assertion of legal conclusions.  *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996); *LRL Properties v. Portage Metro Hous. Auth.*, 55 F.3d 1097, 1100-01 (6th Cir. 1995).  The complaint should give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.  *Gazette v. City of Pontiac*, 41 F.3d 1061, 1064 (6th Cir. 1994).  "In practice, 'a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory.'"  *Lillard*, 76 F.3d at 726 (emphasis in original) (quoting *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988)).

### III.  DISCUSSION

### A.  Motion to Dismiss Counts I and II

Defendants' first motion attacks the viability of Plaintiff's claims of conversion and aiding and abetting in the concealment of converted property.  The converted assets at issue are, principally, alleged management fee payments that Plaintiff's claim Defendants caused Trans to pay them for little or nothing in return.  (Compl. at ¶¶ 41-48, 71-75.)  Defendants argue that Counts I and II fail because (1) Plaintiffs have

4

claimed no ownership interest in the assets, which belong to Trans, (2) the assets are monetary and non-specific funds and therefore not subject to a claim of conversion, (3) Michigan's law of conversion is not intended to have an extraterritorial effect in Indiana, where the funds were allegedly converted.  (Defs.' 2/18/07 Br. in Support of Motion to Dismiss Counts I and II at 9-12.)  Plaintiffs respond that, under Indiana law, they are permitted to pursue a direct action against Defendants to vindicate the rights of Trans. (Pls.' 3/12/07 Br. in Opposition to Motion to Dismiss Counts I and II at 9-10.)  Plaintiffs further contend that they have adequately alleged the elements of colorable claims of conversion that now should proceed to discovery.  (*Id.* at 10-13.)  Finally, Plaintiffs argue that Indiana law equally forbids conversion and that in any event there will be no extraterritorial application of Michigan law because several Defendants are Michigan residents and because the converted funds ended up and were concealed in Michigan. (*Id.* at 13-16.)

The parties have not extensively briefed choice of law.  The court will apply Michigan law to the claims that allege explicitly or by implication that wrongful conduct occurred in Michigan or benefitted a Michigan party.[2]  Under Michigan law, conversion "is defined generally as 'any distinct act of domain wrongfully exerted over another's personal property in denial of or inconsistent with the rights therein.'" *Murray Hill Publications, Inc. v. ABC Commc'ns, Inc.*, 264 F.3d 622, 636-37 (6th Cir. 2001) (quoting

---

[2]In Michigan, the law of the forum governs a tort claim unless there is a "rational reason" to displace the law of the forum.  *Olmstead v. Anderson*, 400 N.W.2d 292, 305 (1987).  As a general matter, the court sees no rational reason to apply non-forum law to a claim that occurred in Michigan or whose effects were felt in Michigan.  In this case, the court finds no basis to displace Michigan law with Indiana law.

*Sarver v. Detroit Edison Co.*, 571 N.W.2d 759, 761 (Mich.Ct.App. 1997.)  "The gist of a conversion claim is that the defendant has interfered with the plaintiff's control and use of its property."  *Id.* (quotation omitted).

Plaintiffs' complaint alleges that Defendants converted certain management fees and "other assets *owned by Trans*."  (Compl. at ¶ 71.)  Plaintiffs have therefore failed to allege a personal property interest in the converted property.  Plaintiffs correctly cite to Indiana law allowing them to bring a direct action against fellow shareholders of Trans, an Indiana corporation, because the formalities of derivative actions are not required in all cases for closely held corporations, where shareholders are more like partners.  *See*, *e.g.*, *G & N Aircraft, Inc. v. Boehm*, 743 N.E.2d 227, 236 (Ind. 2001.)  But this authority – and Plaintiffs cite no other – does not relax the elements of whatever direct action shareholders might bring against one another.  In addition, to support Plaintiffs' action for conversion of money, Defendants must have an obligation to return specific money entrusted to their care.  *Head v. Phillips Camper Sales & Rental, Inc.*, 593 N.W.2d 595, 603 (Mich. Ct. App.1999).  The complaint merely alleges general misappropriation of the operating budget of Trans.  Further, Trans would suffer the direct harm of any conversion, not Plaintiffs.  The harm to Plaintiffs would be too indirect in light of the required elements of a claim of conversion.  As such, Plaintiffs' alleged harm does not sound in the tort of conversion.

Count II, however, survives.  Plaintiffs have adequately alleged that they were "damaged as a result of another person's buying, receiving, or aiding in the concealment of any stolen, embezzled, or converted property" and that Defendants knew they were receiving or aiding in the concealment of such property.  Mich. Comp.

6

Laws § 600.2919a.  The statute authorizes treble damages as a remedy "in addition to any other right or remedy . . . at law or otherwise."  *Id.*  Importantly, the statute contains no limitation incorporating the elements of conversion.  As such, the infirmities of Count I (lack of personal claim of ownership and the failure to identify specific funds for return) are not present for Count II.  Simple damage as a result of the conversion is sufficient. *Id.*  Plaintiffs may therefore pursue their theory of how the alleged conversion against Trans harmed them.  Defendants argue to no avail that the Michigan Legislature did not intend to give the statute extraterritorial effect.  While the complaint does allege conversion occurring in Indiana, the relevant activity came later.  The court's inquiry must focus upon the receiving and concealing of the converted property.  A fair reading of the complaint reveals that at least part of this activity happened in Michigan by Michigan parties.  As such, Count II is a live controversy that should proceed to discovery.

## B.  Motion to Dismiss Count VI

Defendants argue that Count VI (minority oppression) fails as a matter of law to the extent that Plaintiffs are not asserting their rights as members of FGH Capital. (Defs.' Second 2/18/07 Br. at 9-13.)  Plaintiffs respond that FGH Capital is merely a holding company that manages Trans and that actions taken against Trans impact Plaintiffs' interests as members of FGH Capital.  (Pls.' First 3/12/07 Br. at 10-12.)

The governing Michigan statute allows Plaintiffs as shareholders to bring an action "to establish that the acts of the directors or those in control of the corporation are illegal, fraudulent, or willfully unfair and oppressive to the corporation or to the

7

shareholder." Mich. Comp. Laws § 450.1489(1).[3]  The statute defines willfully unfair and oppressive conduct as "a continuing course of conduct or a significant action or series of actions that substantially interferes with the interests of the shareholder as a shareholder." § 1489(3).

The Michigan Court of Appeals interpreted Section 1489 in *Franchino v. Franchino*, 687 N.W.2d 620 (Mich. Ct. App. 2004).  The court held that the statute did not protect the plaintiff's right to employment by the corporation, or to his seat on the board of directors.  *Id.* at 628-30.  The court stressed that "the Legislature amended the statute to explicitly state that minority shareholders could bring suit for oppression only for conduct that 'substantially interferes with the interests of the shareholder *as a shareholder*.'" *Id.* (citing § 1489(3)).  The court further held that the focus of its inquiry should be the actions of the majority and not the reasonable expectations of the complaining shareholder.  *Id.* at 629-30.  Shareholder rights, according to the court, typically include voting at shareholder's meetings, electing directors, adopting bylaws, amending charters, examining the corporate books and receiving corporate dividends. *Id.* at 628 (citing 12 Fletcher Cyclopedia Corporations. ch 58, § 5717, p 22.). "[E]mployment and board membership are not generally listed among rights that automatically accrue to shareholders."  *Id.*

In this case, Plaintiffs allege that Defendants Fuhrman and Gruits, as controlling members of FGH Capital, have undertaken a course of action to oppress Plaintiffs'

---

[3]Defendants contend that the governing law is Mich. Comp. Laws § 450.1515, but that part of the statute was repealed by Public Act 1989, No. 121, § 2, effective October 1, 1989.

minority interest in FGH Capital by (1) causing Trans to cease making distributions to Plaintiffs under a purchase agreement, (2) causing FGH Industries to take control of Soberay and excluding the Trusts from the governance of Soberay and (3) failing to cause FGH Capital and FGH Industries to make distributions to the Trusts.  (Compl. at § 100-03.)

The court finds that, with the exception of the governance of Soberay, Plaintiffs have alleged a viable claim of minority oppressions.  As shareholders of FGH Capital, and assuming that the allegations in the complaint are true, Plaintiffs have a right to claim certain corporate dividends or distributions, as the complaint refers to them. Defendants as the majority shareholders owe Plaintiffs that obligation.  Further, Defendants control FGH Capital, a holding company that in turn controls Trans.  As such, Defendants cannot run Trans in a manner that would constitute oppression to Plaintiffs under Michigan law.  The factual circumstances before the court are unique and Defendants have not presented binding authority that cabins the liability of a holding company to behavior aimed only at the minority shareholder directly.  To the extent that the alleged oppression of Plaintiffs' rights is committed by Defendants indirectly through other holdings - principally, Trans - that oppression is actionable under Michigan law.  Whatever the "reality" of the situation, as Plaintiffs contend, (Pls.' First 3.12.07 Br. at 11), Plaintiffs may proceed to discovery to attempt to substantiate Count VI.

The court will, however, grant Defendant's motion to the extent that Plaintiffs complain that they were excluded from the governance of Soberay.  *Franchino* stated without ambiguity that corporate governance is not a shareholder right and therefore not

9

actionable under Section 1489 by Plaintiffs as a shareholder interest.  687 F.2d at 628.

The complaint alleges that Fuhrman and Gruits took "actions designed to cause FGH

Industries to take control of Soberay and exclud[e] the Trusts from the governance of

Soberay."  (Compl. at ¶ 103(c).)  The allegation is thus materially indistinct from the

issue in *Franchino*: whether the plaintiff could regain his seat on the board of directors.

Because exclusion from corporate governance is not recognized as minority oppression

under Michigan law, the court will dismiss the portion of Count VI that challenges the

governance of Soberay.

### C.  Motion to Dismiss Count VII

Count VII is a claim for unjust enrichment challenging an arrangement whereby

Trans paid $3,500 in monthly rent for office space that allegedly did not benefit Trans

but instead the holdings of Fuhrman and Gruits.  (Compl. at ¶¶ 49-52,106-07.)

Defendants argue that Count VII should be (1) dismissed under Rule 12 because Trans

made the payments and Plaintiffs cannot bring suit on its behalf and (2) dismissed

under Rule 56 because there is no question of material fact concerning the

authorization of the rental arrangement.  (Defs.' 2/19/07 Br. at 8-12.)  Plaintiffs counter

that (1) under Indiana law and as members of a closed corporation they may bring a

direct action and (2) that there is no authorization for the rental agreement that

Defendants allege.

The elements of unjust enrichment are (1) receipt of a benefit by the defendant

from the plaintiff and (2) an inequity resulting to the plaintiff because of the defendant's

retention of the benefit.  *Barber v. SMH (US), Inc.*, 509 N.W.2d 791, 796 (Mich. Ct. App.

1993).  As with Plaintiffs' conversion claim, Plaintiffs allege only that Defendants were

unjustly enriched at the expense of Trans.  For the reasons given for Count I, the authority Plaintiffs cite regarding direct shareholder actions simply does not rewrite the essential elements of whatever direct action is plead.  While Plaintiffs may bring a direct action for unjust enrichment, they must still allege the necessary elements, including that Defendants received a benefit *from Plaintiffs.*  For purposes of the claim of unjust enrichment, Plaintiffs may not stand in the shoes of Trans.  As such, the court will dismiss Count VII under Rule 12 and not reach the Rule 56 arguments.

## IV.  CONCLUSION

IT IS ORDERED that Defendant's "Motion to Dismiss Counts I and II of Complaint . . ." [Dkt #54] is GRANTED with respect to Count I and DENIED with respect to Count II.

IT IS FURTHER ORDERED that Defendant's "Motion to Dismiss Count VI of Complaint . . ." [Dkt # 55] is GRANTED with respect to governance of Soberay and DENIED in all other respects.

IT IS FURTHER ORDERED that Defendant's "Motion to Dismiss Count VII of Complaint . . ." [Dkt # 56] is GRANTED.

 s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  April 12, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, April 12, 2007, by electronic and/or ordinary mail.

 s/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522