# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

GEORGE S. HOFMEISTER FAMILY TRUST, et al.,

    Plaintiffs,

v.

    Case No. 06-CV-13984-DT

FGH INDUSTRIES, LLC, et al.,

    Defendants.
                                                   /

## OPINION AND ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL

Pending before the court is "Plaintiffs' Motion to Compel," which was filed on August 21, 2007. The matter is fully briefed and the court concludes that a hearing is not necessary. *See* E.D. Mich. LR 7.1(e)(2). For the reasons stated below, the court will grant the motion.

## I. STANDARD

The Federal Rules of Civil Procedure set strict time limits for responses to discovery requests. *See* Fed. R. Civ. P. 33(b)(3); 34(b). The Rules authorize a district court to lengthen or shorten the applicable time period. This court shortened the time for responding to a discovery demand to "the 28th day following service." (8/8/07 Sched. Order at 2.) A party may move to compel responses from an opponent who has failed to respond or not responded adequately. *See* Fed. R. Civ. P. 33(b)(5); 34(b); 37(a). Discovery matters such as these are committed to the discretion of the district court. *See e.g. Burzynski v. Cohen*, 264 F.3d 611, 621 (6th Cir. 2001) (citations omitted.)

## II. DISCUSSION

The court has reviewed the disputed interrogatories and document requests and finds that Defendants' objections are unwarranted. The questions and requests are not overbroad or unduly burdensome. Further, all of the requested evidence is relevant or at least reasonably likely to lead to admissible evidence supporting Plaintiff's pending claims.[1] The discovery relates to parties and claims that are still before this court, particularly with respect to the allegations of self-dealing that cut across several of the counts. The court finds that Defendants' responses are not sufficiently responsive.

The court rejects Defendants' argument regarding Count II. Defendants appear to claim that Count II (aiding in the concealment of converted property) must fail because the court dismissed Count I (conversion). The court disagrees that this dismissal had the effect of also rendering Count II not viable. The court specifically held that Count II survives because it was enough for Plaintiffs to allege harm due to the concealment of conversion. (4/12/07 Order at 6-7.) The problem for Count I of a lack of personal claim of ownership and the failure to identify specific funds for return is simply "not present for Count II." (*Id.* at 7.) As such, Plaintiff may seek discovery related to Count II, which includes information about any alleged underlying tort of conversion. Plaintiffs' claims are not "wholly predicated upon the existence of a conversion claim." (Defs.' Resp. at 2.) Defendants may not in this discovery dispute ask for what amounts to reconsideration of the court's denial of their motion to dismiss Count II. The claim stands, and Plaintiffs' discovery requests concerning that claim are proper.

---

[1] The following claims remain pending in this court: (1) aiding in the concealment of converted property - Count II, (2) breach of fiduciary duty to Trans - Count IV, (3) breach of fiduciary duty to Trusts - Count V, (4) breach of contract for failure to pay management fees - Count IX, (5) civil conspiracy - Count X and (6) injunctive relief - Count XI.

## III.  CONCLUSION

IT IS ORDERED that "Plaintiffs' Motion to Compel" [Dkt. # 109] is GRANTED. Specifically, Defendant Fuhrman shall respond completely to Interrogatory No. 6 and Document Requests Nos. 3, 4, 6-7, 9-16, 20-34, 36 and 37 and Defendant Gruits shall respond completely to Interrogatory No. 7 and Document Requests Nos. 3, 4, 6-7, 9-16, 20-33 and 35 by **November 22, 2007**.

      s/Robert H. Cleland  
      ROBERT H. CLELAND  
      UNITED STATES DISTRICT JUDGE

Dated:  November 7, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, November 7, 2007, by electronic and/or ordinary mail.

      s/Lisa Wagner  
      Case Manager and Deputy Clerk  
      (313) 234-5522