**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

GEORGE S. HOFMESITER FAMILY TRUST
DATED JUNE 21, 1991, et al.,

        Plaintiffs,

Case No. 06-CV-13984-DT

v.

FGH INDUSTRIES, LLC, et al.,

        Defendants.
                                         /

**OPINION AND ORDER DENYING DEFENDANTS GRUITS AND
FUHRMAN'S MOTION TO DISMISS COUNT II**

Pending before the court is Defendants William Gruits and Daniel Fuhrman's Motion to Dismiss Count II. The matter is fully briefed and the court concludes that a hearing is not necessary. *See* E.D. Mich. LR 7.1(e)(2). For the reasons stated below, the court will deny the motion.

**I. BACKGROUND**

The instant motion focuses upon Plaintiffs' claim of aiding and abetting conversion (Count II). The court previously allowed this claim to proceed even though it granted a motion to dismiss the claim of conversion (Count I). The court reasoned that Count I, as plead, failed to allege that any of Plaintiff's personal assets were converted, and therefore the claim was defective as a matter of law.[1] (4/12/07 Order at 6.) With respect to Count II, the court found a "live controversy" because Michigan law merely requires damage as a result of the conversion for a plaintiff seeking to recover against a

---

[1] The conversion alleged in the complaint concerns certain management fees and other assets owned by Trans, the key non-party in this action.

party that allegedly aided and abetted in the conversion. (*Id.* at 6-7.) As explained below, the individual Defendants now argue that judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) is appropriate for Count II.

## II. STANDARD

The standard for a motion under Rule 12(c) is the same as the standard applicable to motions under Rule 12(b)(6). The court must construe the complaint in a light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief. *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996); *Kline v. Rogers*, 87 F.3d 176, 179 (6th Cir. 1996); *Wright v. MetroHealth Medical Center*, 58 F.3d 1130, 1138 (6th Cir. 1995). When an allegation is capable of more than one inference, it must be construed in the plaintiff's favor. *Columbia Natural Resources, Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995); *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993); *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). Hence, a judge may not grant a Rule 12(b)(6) motion based on a disbelief of a complaint's factual allegations. *Wright*, 58 F.3d at 1138; *Columbia Natural Resources, Inc.*, 58 F.3d at 1109.

Though decidedly liberal, this standard of review does require more than the bare assertion of legal conclusions. *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996); *LRL Properties v. Portage Metro Hous. Auth.*, 55 F.3d 1097, 1100-01 (6th Cir. 1995). The complaint should give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Gazette v. City of Pontiac*, 41 F.3d 1061, 1064 (6th Cir. 1994). "In practice, 'a . . . complaint must contain either direct

or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory.'" *Lillard*, 76 F.3d at 726 (emphasis in original) (quoting *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988)).

### III.  DISCUSSION

The individual Defendants argue that the complaint accuses them of being the principal converters.  As such, they contend that under Michigan law they cannot be held liable for aiding and abetting the same conversion they are alleged to have personally undertaken.  (Defs.' Br. at 5-6.)  Plaintiffs respond that their complaint alleges "three different factual scenarios . . . that satisfy the requirement that the converter and the person who concealed or received converted property not be the same person."  (Pls.' Resp. at 9.)

The court accepts that the converter and the aider and abetter may not be the same person under Michigan law.  *See* Mich. Comp. Laws § 600.2919a.  But the court rejects Defendants' view of the allegations in Plaintiffs' complaint.  Construing the complaint in the light most favorable to Plaintiffs, the court finds reasonable notice of various configurations in multiple alleged conversions, which gives rise to situations where Defendants Gruits or Fuhrman could have aided and abetted in a conversion that they did not personally undertake.  Indeed, the court sees more than the three factual scenarios that Plaintiffs advance in their response.  Examples include (1) Gruits assisting Fuhrman, (2) Furhman assisting Gruits, (3) Gruits assisting one of the named corporate Defendants and (4) Fuhrman assisting one of the named corporate Defendants.  The complaint also contemplates situations where scenarios 1 and 3 and 2 and 4 are blended.  The court therefore concludes that Count II meets the

requirements of Rule 12.  Accordingly, the court will deny the motion to dismiss Count II of the complaint.

## IV.  CONCLUSION

IT IS ORDERED that Defendant Gruits and Fuhrman's Motion to Dismiss Count II [Dkt. # 129] is DENIED.

        s/Robert H. Cleland
       ROBERT H. CLELAND
       UNITED STATES DISTRICT JUDGE

Dated:  April 21, 2008

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, April 21, 2008, by electronic and/or ordinary mail.

        s/Lisa Wagner
       Case Manager and Deputy Clerk
       (313) 234-5522