**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

GEORGE S. HOFMEISTER FAMILY TRUST,
et al,

      Plaintiffs,

v.                                            Case No. 06-CV-13984-DT

FGH INDUSTRIES, LLC, et al,

      Defendants.

                                         /

**OPINION AND ORDER DENYING DEFENDANTS GRUITS' AND FUHRMAN'S "MOTION TO DISMISS . . ." AND DENYING PLAINTIFFS' "MOTION FOR AN ORDER FINDING DEFENDANTS WAIVED ARBITRATION, . . ."**

Pending before the court are Defendants Gruits' and Fuhrman's July 28, 2008 "Motion to Dismiss Counts IV, VI, and VIII of Plaintiffs' Complaint Pursuant to Rule 41(b) for Failure to Prosecute" and Plaintiffs' August 21, 2008 "Motion for Order Finding Defendants Waived Arbitration, or in the Alternative, Ordering Fuhrman and Gruits To Pay Their Portion of the AAA Expenses." These motions have been fully briefed and the court concludes that a hearing is unnecessary. *See* E.D. Mich. LR 7.1(e)(2). For the reasons stated below, the court will deny both motions.

**I. BACKGROUND[1]**

On September 26, 2007, the court ordered all parties to attend arbitration on Counts IV, VI and VII of the complaint. (10/12/07 Amended Order.) The parties

---

[1] The court notes that, since the inception of this litigation on September 8, 2006, there has been extensive motion practice, briefing, opinions, and orders by all involved. The full factual and procedural history is not necessary to resolve the pending motions, and thus court does not include it here.

scheduled arbitration with the American Arbitration Association ("AAA") for October 2008. (Defs.'s Mot. at 4; Pls.'s Mot. at 3.) In the interim, the court granted Plaintiffs' counsels' motion to withdraw on June 30, 2008. Shortly after, on July 22, 2008, Plaintiffs notified AAA that they "did not want to proceed with arbitration at this time." (Pls.'s Mot. at 4; Defs.'s Mot. at 6.) Plaintiffs assert this decision was made by the trustee of the involved trusts, without a full understanding of the consequences. (Pls.'s Mot. at 4.) AAA closed the file and cancelled the arbitration on July 23, 2008. (Defs.'s Mot., Ex. 6.) Five days later, on July 28, 2008, Plaintiffs obtained new counsel. (7/28/08 Attorney Appearances.) Also on July 28, 2008, Defendants submitted their current motion, alleging that Plaintiffs' cancellation of the court-ordered arbitration amounted to a failure to prosecute under Fed. R. Civ. Pro. 41(b), and should therefore lead to a dismissal, with prejudice, of Counts IV, VI and VIII.

On August 14, 2008, Plaintiffs' new counsel requested that AAA reinstate the arbitration, arguing that the trustee "did not fully understand the differences between the Indiana lawsuit in which the Trusts have obtained a judgment and the Michigan-based issues, including those in arbitration." (Pls.'s Mot., Ex. 9.) While waiting for a response from AAA, Plaintiffs filed their current motion, arguing that Defendants waived any claim to arbitration through their "bad faith refusal to pay the arbitration fees . . . ." (Pls.'s Mot. at 6.) In the alternative, Plaintiffs argued that the court should order Defendants to "pay AAA their portion of the deposit required for arbitration . . . ." (*Id.* at 9.) During the briefing period for Plaintiffs' motion, AAA sent a letter to all parties, stating "[a]fter careful consideration of Claimant's request, [AAA] has determined to re-open the . . . matter." (Pls.'s Reply, Ex. 1.)

2

## II. DISCUSSION

The motion, at its core, argues "Plaintiffs have failed to prosecute their claims and have disobeyed this Court's order to arbitrate Counts IV, VI and VIII." (Defs.'s Mot. at 10.) The asserted failure to prosecute is predicated on Plaintiffs' cancellation of the arbitration with AAA. (Defs.'s Mot. at 8-9.) While it is true the arbitration was "canceled" on July 23, 2008 (Defs.'s Mot., Ex. 6), it was successfully reinstated by Plaintiffs' new counsel a little over one month later (Pls.'s Reply, Ex. 1). The court did not order arbitration to be completed by a specific date, though it may be fairly assumed that the court's order implicated a good-faith effort by all parties to move forward with the arbitration in a timely manner. The one month delay, as part of the Trustee's attempt at representing Plaintiffs and the appointment of new counsel, appears to the court more a "delay" than the kind of "total inactivity" Defendants' offer as sufficient grounds to dismiss. (Defs.'s Mot. at 9, citing *Washington v. Walker*, 734 F.2d 1237, 1238 (7th Cir. 1984).) As such, the court finds its order to arbitrate has not been disobeyed, and the reinstatement of arbitration before AAA renders the resolution of Defendants' motion moot.

Similarly, with arbitration reinstated, Plaintiffs' motion is quickly resolved. Plaintiffs' motion argues Defendants have "refused to arbitrate" because of their "bad faith refusal to pay the arbitration fees . . . ." (Pls.'s Mot. at 6.) Whether particular parties are bound by a contractual arbitration clause is the kind of "gateway" dispute the court decides. *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 84 (2002). But there is a presumption the arbitrator will decide "allegation[s] of waiver, delay, or a like defense to arbitrability." *Id.* (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr.*

3

*Corp.*, 460 U.S. 1, 26 (1983)). These "like defenses to arbitrability" include such things as "time limits, notice, laches, estoppel, and other conditions precedent to an obligation to arbitrate . . . ." *Howsam*, 537 U.S. at 85 (quoting the Revised Uniform Arbitration Act § 6, comment 2); *JPD, Inc. v. Chronimed Holdings, Inc.*, 539 F.3d 388, 394 (6th Cir. 2008).

The court has already resolved the gateway dispute by compelling the parties to arbitrate three of Plaintiff's claims. (10/12/07 Amended Order.) At this stage in the arbitration, that is the extent of the decision required of the court. *Howsam*, 537 U.S. at 84. With the arbitration reinstated - after a short delay - the court need not reach any refusal-to-pay questions.[2] It is the arbitrator who must determine what conditions precedent to conducting the arbitration exist and the extent to which the parties have met those conditions. *Id.* at 85. By reinstating the arbitration, Plaintiffs have removed the court from the determination their motion requires, and the court will allow the arbitrator to make the determinations properly before him.

---

[2] The court might at some point be required to address the issue of what had caused a compelled arbitration to be irrevocably canceled, e.g., whether in this case Defendant's purported refusal to pay arbitration fees constituted such a cause. The court takes no position whether it is in fact required (or even permitted) to make such a determination. Nonetheless, Plaintiff's alleged fear of non-payment ought to be alleviated by Defendants' statement that they remain "willing and able to pay the AAA fees . . . ." (Defs.'s Resp. at 1). While in the same breath Defendants asserted that they "have had no assurance that Plaintiffs would fulfill their obligations to prosecute the arbitration" (id.), reinstatement of the arbitration should provide Defendants the assurance they previously lacked.

## IV.  CONCLUSION

Accordingly, IT IS ORDERED Defendants Gruits' and Fuhrman's July 28, 2008 "Motion to Dismiss Counts IV, VI, and VIII of Plaintiffs' Complaint Pursuant to Rule 41(b) for Failure to Prosecute" [Dkt. # 150] is DENIED.

Further, IT IS ORDERED Plaintiffs' August 21, 2008 "Motion for Order Finding Defendants Waived Arbitration, or in the Alternative, Ordering Fuhrman and Gruits To Pay Their Portion of the AAA Expenses" [Dkt. # 154] is DENIED.

      S/Robert H. Cleland  
ROBERT H. CLELAND  
UNITED STATES DISTRICT JUDGE

Dated:  September 25, 2008

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 25, 2008, by electronic and/or ordinary mail.

      S/Lisa Wagner  
Case Manager and Deputy Clerk  
(313) 234-5522